UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 3:18cr65 (JBA) |
| *v.* | |
| THOMAS MALONE | June 4, 2020 |

**RULING DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

Defendant Thomas Malone requests "immediate release from the custody of the Bureau of Prisons because his preexisting condition of high cholesterol with a family history of heart disease, and his age (50 years)," when combined with the current COVID-19 pandemic, "places him at grave risk of serious illness and death." (Mot. for Compassionate Release [Doc. # 67] at 1.) The Government opposes that request. (Gov't Opp. [Doc. # 73].) For the reasons that follow, Defendant's motion is denied.

**I.   Background**

On March 27, 2019, following his conviction by guilty plea of four counts of theft concerning programs receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(A), Defendant was sentenced to 24 months of imprisonment followed by 36 months of supervised release. (Am. J. [Doc. # 64].) He is currently scheduled to be released from Bureau of Prisons ("BOP") custody on March 1, 2021.

Defendant reports that he has certain "underlying risk factors" which place him at higher risk for severe illness from COVID-19, including that he is 50 years old, has "Non-Alcoholic Fatty Liver Disease," is currently overweight, and has "high cholesterol." (Ex. A (Letter to Warden) to Mot. for Compassionate Release [Doc. #67-2] at 1-2.)

The Court assumes the parties' familiarity with the ongoing COVID-19 pandemic and its spread from person-to-person, especially between those who are in close contact with one another. How COVID-19 Spreads, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-covid-

spreads.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fprepare%2Ftransmission.html (last accessed June 2, 2020). The Centers for Disease Control and Prevention ("CDC") represents that "[b]ased on currently available information and clinical expertise, older adults and people of any age who have serious underlying medical conditions might be at higher risk for severe illness from COVID-19." PEOPLE WHO ARE AT HEIGHTENED RISK OF SEVERE ILLNESS, CENTERS FOR DISEASE CONTROL AND PREVENTION,                https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last accessed June 2, 2020). Persons who are "65 years and older" are among those facing heightened risk of serious illness, as are "people of all ages with underlying medical conditions, particularly if not well controlled, including: . . . chronic lung disease or moderate to severe asthma . . . serious heart conditions . . . immunocompromised [persons] . . . severe obesity . . . diabetes . . . chronic kidney disease undergoing dialysis . . . [and] liver disease." (*Id.*)

Defendant is currently incarcerated at FCI Otisville, where one staff member has an active COVID-19 diagnosis. COVID-19, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last accessed June 2, 2020). Twelve inmates and fourteen staff members at FCI Otisville were previously diagnosed with COVID-19 and have since recovered. (*Id.*)

## II. Discussion

Defendant moves for release under 18 U.S.C. § 3582(c)(1)(A), which provides,

the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Although incarcerated persons previously could only seek compassionate release upon motion of the BOP, the First Step Act of 2018 amended that provision to permit prisoners to seek relief directly from the courts upon satisfaction of certain exhaustion requirements.

Section 1B1.13[1] of the Sentencing Guidelines further explains that a sentence reduction under § 3582(c)(1)(A) may be ordered where a court determines, "after considering the factors set forth in 18 U.S.C. § 3553(a)," that

(1)(A) Extraordinary and compelling reasons warrant the reduction; . . .
(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
(3) The reduction is consistent with this policy statement.

Application Note 1 to that Guidelines provision enumerates certain circumstances constituting "extraordinary and compelling reasons" that justify a sentence reduction, including certain medical conditions, advanced age, certain family circumstances, or some "other" reason "[a]s determined by the Director of the Bureau of Prisons." The Note specifies that "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" constitutes "extraordinary and compelling reasons" which justify compassionate release.

Defendant argues that extraordinary and compelling reasons exist which justify his requested sentence reduction. Specifically, Defendant argues that his "pre-existing condition making him more vulnerable to COVID-19 in combination with the increased risks of COVID-

---

[1] The parties dispute the applicability of this section of the Guidelines, which was drafted prior to the First Step Act of 2018 and thus provides that compassionate release under § 3582(c)(1)(A) is only available "[u]pon motion of the Director of the Bureau of Prisons." (*See* Am. Mem. Supp. Mot. for Compassionate Release [Doc. # 77] at 6-9; Gov't Opp at 7-8.) Because the Court concludes below that Defendant is not entitled to relief under § 3582(c)(1)(A) regardless of the applicability of that Guidelines provision, it need not resolve the parties' dispute on that point.

19 in prisons" are extraordinary and compelling reasons. (Am. Mem. Supp. Mot. for Compassionate Release at 15.) In support of his position that he has pre-existing conditions which put him at greater risk for severe illness from COVID-19, Defendant explains that he is 50 years old and has "fatty liver disease,"[2] a "history of obesity," although he has lost weight in BOP custody and is now overweight but not obese, and high cholesterol. (*Id.* at 19.) Defendant also explains that "his father passed away from complications with heart disease when he was only 71 years old." (*Id.*)

Defendant cites a report from the World Health Organization indicating increased mortality rates for individuals with certain pre-existing conditions, including "cardiovascular disease" and "chronic respiratory disease." (*Id.* at 30.) Defendant also asserts that the "CDC recommends that high-risk people, such as Mr. Malone, take specific steps to avoid infection." (*Id.* at 31.) But the CDC website Defendant cites in support of that assertion does not indicate that any of Defendant's current conditions place him in a "high-risk" category. *See* HOW TO PROTECT YOURSELF & OTHERS, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention.html (last accessed June 2, 2020). Nor can the Court identify any additional CDC resource which indicates that individuals aged 50 years old, who have high cholesterol,

---

[2] Defendant submitted no evidence in support of his assertion that he has "fatty liver disease," explaining that "[h]e was diagnosed by a physician in New York City about five years ago" but is unable to obtain those medical records due to that Physician's "legal issues." (Am. Mem. Supp. Mot. for Compassionate Release at 2 n.1.) Instead, Defendant submitted his BOP medical records, which reveal no indication of diagnosis of or treatment for any liver disease. (*See* Ex. C (BOP Medical Records) to Mot. for Compassionate Release [Doc. # 67-3].) Similarly, Defendant's Presentence Report, compiled in 2019, also indicates no diagnosis of or treatment for any liver disease. (*See generally* Presentence Report [Doc. # 54].) In that Report, Defendant represented that he has "unspecified irritable bowel syndrome" but "otherwise" is "physically healthy." (*Id.* at 12-13.) Apparently recognizing this lack of evidence, Defendant argues specifically that his "age, high cholesterol, and predisposition to heart disease" are the health factors which put him at high risk and entitle him to release, without mention of any liver disease. (Am. Mem. Supp. Mot. for Compassionate Release at 35.)

who are overweight but not obese, or who have a family history of heart disease (with no personal history or diagnosis of heart disease) are at heightened risk from COVID-19. Defendant asserts conclusorily that COVID-19 puts "someone like Mr. Malone" at heightened risk of illness but fails to provide any support for his suggestion that *his specific medical conditions* put him at high risk. (*See generally* Am. Mem. Supp. Mot. for Compassionate Release; Def.'s Reply [Doc. # 74 at 1-2.)

The Government argues that the "mere existence of the COVID-19 pandemic, which poses a general threat to every non-immune person in the country," is not an "extraordinary and compelling reason" justifying Defendant's release. (Gov't Opp. at 9.) Although the Government concedes that a "chronic medical condition that the CDC has identified as elevating the inmate's risk of becoming seriously ill from COVID-19" might be such an extraordinary and compelling reason, it nonetheless asserts that Defendant "does not suffer from medical conditions that" have been identified as putting him at greater risk from COVID-19. (*Id.* at 11.) Moreover, the Government argues, Defendant "has not submitted a release plan that demonstrates a reduced likelihood of contracting COVID-19" because, if released, he would reside with his wife who "'is exposed to COVID-19 positive patients every day through her work on the front lines of the COVID-19 pandemic.'" (*Id.* at 11-12 (quoting Letter to Warden).)

The Court recognizes the threat posed by COVID-19 to incarcerated persons and its potential to cause severe illness, especially for those with certain underlying medical conditions. But the Court cannot conclude that the mere existence of some underlying medical condition, which the CDC or other credible medical source has not yet identified specifically as putting individuals at higher risk for severe illness from COVID-19, is an extraordinary and compelling reason justifying release. Here, Defendant does not cite any CDC Guidance or specific medical source indicating that his particular circumstances—that he is fifty years of age, has high cholesterol, is overweight, and has a family history of heart

disease—put him at such a heightened risk of severe illness from COVID-19 as to be extraordinary and compelling reasons justifying his release under § 3582(c)(1)(A).

### III. Conclusion

For the foregoing reasons, Defendant's Motion for Compassionate Release [Doc. # 67] is DENIED. Defendant's Motions to Seal [Docs. ## 68, 70] are GRANTED because the public's interest in the content of Defendant's medical records is outweighed by Defendant's privacy interests in those records.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 4th day of June 2020.